QUINN EMANUEL URQUHART & SULLIVAN, LLP
Alex Spiro (*pro hac vice* application pending)
Daniel R. Koffmann (California Bar No. 344379)
51 Madison Ave, 22nd Floor
New York, NY 10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100
alexspiro@quinnemanuel.com
danielkoffmann@quinnemanuel.com

Christopher G. Michel (*pro hac vice* application pending)
Casey J. Adams (*pro hac vice* application pending)
Rachel G. Frank (California Bar No. 330040)
1300 I Street NW, Suite 900
Washington, D.C. 20005
Telephone: (202) 538-8000
Facsimile: (202) 538-8100
christophermichel@quinnemanuel.com
caseyadams@quinnemanuel.com
rachelfrank@quinnemanuel.com

*Attorneys for X Corp.,
successor in interest to Defendant Twitter, Inc.*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION**

| | |
|---|---|
| United States of America,<br><br>             Plaintiff,<br><br>    vs.<br><br>Twitter, Inc.,<br><br>             Defendant. | Case No. 3:22-cv-3070<br><br>**DECLARATION OF DANIEL KOFFMANN IN SUPPORT OF X CORP.'S MOTION FOR PROTECTIVE ORDER & RELIEF FROM CONSENT ORDER**<br><br>Hearing Date: August 17, 2023<br>Hearing Time: 10:00 AM<br><br>The Hon. Thomas S. Hixson |

**DECLARATION OF DANIEL KOFFMANN**

I, Daniel R. Koffmann, pursuant to 28 U.S.C. § 1746 and upon penalty of perjury, declare as follows:

1. I am a partner with the law firm of Quinn Emanuel Urquhart & Sullivan, LLP, counsel for X Corp., successor in interest to Defendant Twitter, Inc. I am a member in good standing of the Bar of the State of California. I make this declaration based on personal knowledge and, if called as a witness, I could and would testify competently to the matters set forth herein. I make this declaration in support of X Corp.'s Motion for Protective Order and Relief from Consent Order.

2. ***Meet and Confer Certification***: Pursuant to Fed. R. Civ. P. 26(c)(1) and N.D. Cal. Civil Local Rule 37-1(a), I have met and conferred with Reenah L. Kim, Anne Collesano, and Erik Jones, counsel for the Federal Trade Commission ("FTC") in this action, on multiple occasions and attempted in good faith to resolve the disputes detailed in the accompanying Motion without action by the Court. These communications included telephone calls that took place on May 24, 2023 and June 15, 2023, as well as written correspondence exchanged on June 30, 2023, July 6, 2023, July 7, 2023, and July 11, 2023.

3. ***Factual Contentions***: Elon Musk signed an agreement with Twitter to acquire the company and take it private on April 25, 2022. The acquisition became effective October 27, 2022.

4. A reasonable and good-faith review of client files determined that Twitter, Inc., (predecessor to X Corp.) received the following approximate yearly numbers of demand letters from the FTC before the company was acquired by Mr. Musk:

- 2011: 0;
- 2012: 4;
- 2013: 1;
- 2014: 3;
- 2015: 1;
- 2016: 0;
- 2017: 0;

- 2018: 1;
- 2019: 5;
- 2020: 8;
- 2021: 2;
- 2022: 3.

5. The three letters Twitter, Inc. received from the FTC in 2022 that pre-date Mr. Musk's acquisition all relate to whistleblower allegations made by Peiter "Mudge" Zatko. Those letters were dated August 31, 2022, September 15, 2022, and October 27, 2022, respectively.

6. The Consent Order between the FTC and Twitter, Inc. entered by the Court in this matter, Dkt. 11, provides that Twitter, Inc. (and X Corp., as successor in interest) must establish and implement a comprehensive privacy and information security program within 180 days of issuance of the order. The FTC issued the order on its docket on May 26, 2022. Decision & Order, *In re Twitter, Inc.*, C-4316, (F.T.C. May 26, 2022). The deadline for establishment and implementation of the required program was therefore November 22, 2022.

7. Since October 27, 2022, the FTC has sent X Corp. 17 demand letters incorporating more than 200 individual demands. X Corp. has produced more than 22,000 documents to the FTC in response to these demands.

8. The FTC has taken the following depositions in this matter:

- Damien Kieran, a former Twitter, Inc. employee, on December 2, 2022;
- Lea Kissner, a former Twitter, Inc. employee, on December 7, 2022;
- Andy Sayler, a former Twitter, Inc. employee, on April 19, 2023.
- Menoti Minutillo, a former Twitter, Inc. employee, on May 2, 2023;
- Seth Wilson, a former Twitter, Inc. employee, on May 5, 2023.
- David Roque, a partner at accountancy and consulting firm Ernst & Young, LLP, on June 21, 2023.

9. The transcripts for those depositions total 1,202 pages.

10. To my knowledge, the FTC has never sought, in connection with this matter, to depose any individual person presently employed by either Twitter, Inc. or X Corp. at the time of service the notice, subpoena, or other process, other than Mr. Musk.

11. I am informed that Mr. Musk made several requests to FTC Chair Lina Khan to arrange a meeting. These requests include at least three instances in November and December 2022 when counsel for Twitter, Inc. or X Corp. conveyed these requests to FTC staff, as well as at least one voicemail left on Mr. Musk's behalf with Chair Khan's office. Mr. Musk was not able to secure a meeting with Chair Khan.

12. I am informed that, on February 24, 2023, Mr. Musk met with then-FTC Commissioner Christine Wilson.

13. I am aware, and am informed, that X Corp. has expended thousands of hours of time by its own personnel and external legal counsel to respond to the FTC's demands in connection with this matter.

14. I am informed that Mr. Musk is currently the majority owner of X. Corp., an executive of the company, the Chief Technical Officer, and the former Chief Executive Officer.

15. ***Attachments***: Attached as Exhibit 1 is a true and correct copy of a letter from the FTC dated August 1, 2013.

16. Attached as Exhibit 2 is a true and correct copy of a statement of work executed between Ernst & Young and Twitter, Inc. on July 20, 2022.

17. Attached as Exhibit 3 is a true and correct copy of the Statement on Standards for Consulting Services annexed to the statement of work executed between Ernst & Young and Twitter, Inc. on July 20, 2022.

18. Attached as Exhibit 4 is a true and correct copy of an FTC demand letter to Twitter, Inc. dated August 31, 2022.

19. Attached as Exhibit 5 is a true and correct copy of a letter from Twitter, Inc. to the FTC dated December 14, 2022.

20. Attached as Exhibit 6 is a true and correct copy of the Certificate of Ownership and Merger of Twitter, Inc. With and Into X Corp., filed with the Delaware Secretary of State on March 15, 2023.

21. Attached as Exhibit 7 is a true and correct copy of the first FTC demand letter to Twitter, Inc. dated November 10, 2023.

22. Attached as Exhibit 8 is a true and correct copy of the second FTC demand letter to Twitter, Inc. dated November 10, 2023.

23. Attached as Exhibit 9 is a true and correct copy of an FTC demand letter to Twitter, Inc. dated December 13, 2022.

24. Attached as Exhibit 10 is a true and correct copy of an FTC demand letter to Twitter, Inc. dated November 11, 2022.

25. Attached as Exhibit 11 is a true and correct copy of the Corrected Notice of Deposition of Elon Musk issued by the FTC and dated December 7, 2022.

26. Attached as Exhibit 12 is a true and correct copy of the Second Revised Notice of Deposition of Elon Musk issued by the FTC and dated June 23, 2023.

27. Attached as Exhibit 13 is a true and correct copy of a letter from FTC Chair Lina Khan to Twitter, Inc. and Elon Musk dated January 27, 2023.

28. Attached as Exhibit 14 is a true and correct copy of the transcript of the deposition of David Roque by the FTC in this matter, conducted on June 21, 2023.

29. Attached as Exhibit 15 is a true and correct copy of Exhibit 8 to the deposition of David Roque, a document which was produced in this action bearing Bates number EY_FTC_0002778.

30. Attached as Exhibit 16 is a true and correct copy of Exhibit 9 to the deposition of David Roque, a document which was produced in this action bearing Bates number EY_FTC_0006979.

31. Attached as Exhibit 17 is a true and correct copy of Exhibit 5 to the deposition of David Roque, a document which was produced in this action bearing Bates number EY_FTC_0002730.

32. Attached as Exhibit 18 is a true and correct copy of a letter sent from X Corp. to the FTC and dated June 30, 2023.

33. Attached as Exhibit 19 is a true and correct copy of a letter sent from the FTC to X Corp. and dated July 6, 2023.

34. Attached as Exhibit 20 is a true and correct copy of a letter sent from the FTC to X Corp. and dated July 11, 2023.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on July 12, 2023.

DATED: July 13, 2023

      /s/ Daniel R. Koffmann
    Daniel R. Koffmann

**ECF ATTESTATION**

I, Alex Spiro, am the ECF User whose ID and password are being used to file this Declaration in Support of X Corp.'s Motion for Protective Order and Relief from Consent Order. In compliance with Civil Local Rule 5-1(h)(3), I hereby attest that Daniel R. Koffmann, counsel for X Corp., has concurred in this filing.

DATED:   July 13, 2023

/s/ Alex Spiro
Alex Spiro