QUINN EMANUEL URQUHART & SULLIVAN, LLP
Alex Spiro (*pro hac vice* application pending)
Daniel R. Koffmann (California Bar No. 344379)
51 Madison Ave, 22nd Floor
New York, NY 10010
Telephone:  (212) 849-7000
Facsimile:  (212) 849-7100
alexspiro@quinnemanuel.com
danielkoffmann@quinnemanuel.com

Christopher G. Michel (*pro hac vice* application pending)
Casey J. Adams (*pro hac vice* application pending)
Rachel G. Frank (California Bar No. 330040)
1300 I Street NW, Suite 900
Washington, D.C. 20005
Telephone: (202) 538-8000
Facsimile: (202) 538-8100
christophermichel@quinnemanuel.com
caseyadams@quinnemanuel.com
rachelfrank@quinnemanuel.com

*Attorneys for X Corp.,*
*successor in interest to Defendant Twitter, Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| United States of America, | Case No. 3:22-cv-03070-TSH |
| Plaintiff, | **X CORP.'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL CERTAIN DOCUMENTS IN SUPPORT OF X CORP.'S MOTION FOR PROTECTIVE ORDER & RELIEF FROM CONSENT ORDER** |
| vs. | |
| Twitter, Inc., | |
| Defendant. | The Hon. Thomas S. Hixson |

Pursuant to Civil Local Rules 7-11 and 79-5, X Corp., successor in interest to Defendant Twitter, Inc., respectfully moves the Court to seal certain exhibits to the Declaration of Daniel R. Koffmann in Support of X Corp.'s Motion for Protective Order and Relief from Consent Order (the "Koffmann Declaration"). Specifically, X Corp. requests that the following exhibits be sealed:

- Ex 2: Ernst & Young Statement of Work
- Ex 15: Roque Deposition Ex. 008 (Email from Paul A. Pelner to David Roque dated February 21, 2023)
- Ex 16: Roque Deposition Ex. 009 (Chat messages between Paul A. Pelner and David Roque dated February 21, 2023)
- Ex 17: Roque Deposition Ex. 005 (Email from David Roque to Paul A. Pelner dated February 14, 2023)

X Corp. seeks to seal these exhibits to the Koffmann Declaration because they reflect non-public information that is sealable for the reasons stated herein.

In determining whether to permit documents to be filed under seal, courts in the Ninth Circuit apply two separate standards: (1) the "compelling reason" test for sealing information in connection with motions for a determination on the merits of a claim or defense; and (2) the less-restrictive "good cause" test for sealing information in connection with non-dispositive filings. *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178–79 (9th Cir. 2006); *Center for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092 (9th Cir. 2016). Here, the compelling reason test applies because X Corp.'s Motion for Protective Order and Relief from Consent Order may be dispositive. Compelling reasons exist when "such court files might [] become a vehicle for improper purposes, such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Center for Auto Safety*, 809 F.3d. at 1097 (internal quotations and citations omitted).

X Corp.'s request to seal is narrowly tailored to a limited number exhibits that legitimate public and private interests warrant sealing. Public disclosure of these materials would harm the legitimate interests of third party Ernst & Young, LLP ("EY") by revealing nonpublic business

-2-

information about its operations and engagements that could be used by competitors to gain an advantage. "As the Ninth Circuit has explained, 'business information that might harm a litigant's competitive standing [if disclosed]' meets the compelling reasons standard for sealing." *Williams v. Apple, Inc.*, No. 19-CV-04700-LHK, 2021 WL 2476916, at *2 (N.D. Cal. June 17, 2021) (quoting *In re Elec. Arts, Inc.*, 298 F. App'x 568, 569 (9th Cir. 2008); *see also Kamakana*, 447 F.3d at 1179. A less restrictive alternative to sealing is not sufficient because the threat of competitive harm from public disclosure cannot be mitigated by any less restrictive means.

For the foregoing reasons, X Corp. respectfully requests that the Court grant X Corp.'s Administrative Motion to Seal Exhibits 2, 15, 16, and 17 to the Koffmann Declaration.

| | |
|---|---|
| DATED: July 13, 2023 | QUINN EMANUEL URQUHART & SULLIVAN, LLP |
| | By /s/ Alex Spiro |
| | Alex Spiro (*pro hac vice* application pending)<br>Daniel R. Koffmann (California Bar No. 344379)<br>51 Madison Ave, 22nd Floor<br>New York, NY 10010<br>Telephone:  (212) 849-7000<br>Facsimile:  (212) 849-7100<br>alexspiro@quinnemanuel.com<br>danielkoffmann@quinnemanuel.com |
| | Christopher G. Michel (*pro hac vice* application pending)<br>Casey J. Adams (*pro hac vice* application pending)<br>Rachel G. Frank (California Bar No. 330040)<br>1300 I Street NW, Suite 900<br>Washington, D.C. 20005<br>Telephone: (202) 538 8000<br>Facsimile: (202) 538 8100<br>christophermichel@quinnemanuel.com<br>caseyadams@quinnemanuel.com<br>rachelfrank@quinnemanuel.com |
| | *Attorneys for X Corp., successor in interest to Defendant Twitter, Inc.* |