# **ATTACHMENT A**

## **DEFINITIONS**

1. "COMMUNICATION" or "COMMUNICATIONS" means the transmittal of information, facts or ideas, INCLUDING communications in the form of any discussion, conversation, inquiry, negotiation, agreement, understanding, meeting, telephone conversation, letter, correspondence, note, memorandum, e-mail message, instant message, text message, electronic chat, telegram, audio recordings, advertisement or other form of exchange of words, whether oral or written. "COMMUNICATION" or "COMMUNICATIONS" also means all written and unwritten but recorded correspondence, INCLUDING non-duplicate drafts, versions not sent, and copies that differ only in margin notes or annotations, INCLUDING memos, letters analog or digital recordings, audio recordings, electronic chat logs, voicemail, email, computer files, computer disks, or other things sent or received by YOU to or from any entity, INCLUDING files maintained or exchanged internally within YOUR business or with YOUR employees.

2. "DOCUMENT" or "DOCUMENTS" shall mean any writings, letters, telegrams, memoranda, correspondence, email messages, memoranda or notes of conferences or telephone conversations, reports, studies, lists, compilations of data, papers, books, records, contracts, deeds, leases, agreements, pictures, photographs, transcripts, tapes, microfilm, computer data files, printouts, accounting statements, mechanical and electrical recordings, checks, pleadings, and other tangible things upon which any handwriting, typing, printing, drawing, representation, photostatic, or other magnetic or electrical impulses or other form of COMMUNICATION is recorded, stored or produced, INCLUDING audio and video recordings, three-dimensional models, and electronically-stored information ("ESI") (INCLUDING e-mails, web pages, metadata, websites, computer discs, computer programs and computer files), whether or not in printout form. These terms shall also mean copies of DOCUMENTS even though the originals are not in YOUR possession, custody or control; every copy of a DOCUMENT which contains handwritten or other notations or which otherwise does not duplicate the original of any other copy; all attachments to any DOCUMENTS; and any other DOCUMENTS, item and/or

information discoverable under federal law and procedure, INCLUDING, without limitation, the items referenced in Federal Rule of Civil Procedure 34(a)(1).

3. "ELON MUSK" or "MR. MUSK" means the individual Elon Reeve Musk.

4. "FEDERAL TRADE COMMISSION" means the United States' Federal Trade Commission and its commissioners, officers, current and former employees, counsel, agents, consultants, representatives, and any other Persons acting on behalf of any of the foregoing, including the United States' Department of Justice.

5. "INCLUDES" and "INCLUDING" means "including, but not limited to.

6. "PERSON" or "PERSONS" means or refers to any natural person, corporation, partnership, association, organization, joint ventures, or other entity of any type or nature.

7. "RELATING TO," INCLUDING its various forms such as "RELATES TO," means to consist of, concern, discuss, mention, regard, refer to, reflect or be in any way logically, factually or legally connected, directly or indirectly, with the matter described.

8. "SECURITIES AND EXCHANGE COMMISSION" means the United States' Securities and Exchange Commission and its commissioners, officers, current and former employees, counsel, agents, consultants, representatives, and any other Persons acting on behalf of any of the foregoing.

9. "THE SEC LETTER" means the July 17, 2023, letter YOU sent to SECURITIES AND EXCHANGE COMMISSION Chair Gary Gensler regarding ELON MUSK.

10. "X CORP." means X Corp., successor in interest to Defendant Twitter, Inc., and its officers, directors, current and former employees, counsel, agents, consultants, representatives, and any other Persons acting on behalf of any of the foregoing, and Defendant's affiliates, parents, divisions, joint ventures, licensees, franchisees, assigns, predecessors and successors in interest, and any other legal entities, whether foreign or domestic, that are owned or controlled by Defendant, and all predecessors and successors in interest to such entities.

11. "YOU" and "YOUR" means Senator Elizabeth Warren, and her current and former employees, counsel, agents, consultants, representatives, and any other Persons acting on behalf

of any of the foregoing, and any political action committees, campaign organizations, affiliates, parents, divisions, joint ventures, licensees, franchisees, assigns, predecessors and successors in interest, and any other legal entities, whether foreign or domestic, that are owned or controlled by Senator Warren, and all predecessors and successors in interest to such entities.

## INSTRUCTIONS

a. YOU are requested to produce all documents described below that can be located by a reasonable search of materials within YOUR possession, custody, or control, or in the possession, custody, or control of YOUR officers, directors, agents, employees, representatives, affiliated or associated companies or any other person or entity acting or purporting to act on YOUR behalf.

b. Each DOCUMENT or COMMUNICATION requested shall be produced in its entirety, including without limitation attachments, enclosures, cover letters, memoranda and appendices. If a DOCUMENT or COMMUNICATION that is responsive to any request cannot be produced in full, it shall be produced to the extent possible with an explanation stating why production of the remainder is not possible.

c. DOCUMENTS in electronic form should be produced in native format, with all metadata, absent a separate agreement. DOCUMENTS in hard-copy form should be produced as scanned, color TIFF image files.

d. Color copies of DOCUMENTS are to be produced where color is necessary to interpret or understand the contents.

e. If YOU withhold any DOCUMENT or COMMUNICATION from discovery on the basis of the attorney-client privilege, work-product protection, or other ground of privilege or immunity, YOU shall (i) describe in accordance with Federal Rule of Civil Procedure 26(b)(5) the claim being asserted and a description of the information withheld in a manner that will allow assessment of the applicability of the claimed privilege or immunity; and (ii) produce all documents called for by the portion of the request to which YOU do not object.

    f.  If there are no DOCUMENTS responsive to a particular request, YOUR response shall say so in writing.

    g.  In the event that any DOCUMENT or thing called for by these requests or subsequent requests has been destroyed or discarded, that DOCUMENT or thing is to be identified by stating: (i) the author(s), addressee(s), and any indicated or blind copy(s); (ii) the date, number of pages and attachments or appendices; (iii) the subject matter; (iv) the date of destruction or discard, manner of destruction or discard, and reason for destruction or discard; (v) the PERSONS who were authorized to carry out such destruction or discard; and (vi) whether any copies presently exist and, if so, the name of the custodian of each copy. To the extent any responsive DOCUMENTS or COMMUNICATIONS are confidential in nature, a copy of the Stipulated Protective Order is attached as Attachment B, and a copy of the Order Approving Stipulated Protective Order is attached as Attachment C.

    h.  Unless otherwise indicated in a particular request, the time period relevant for these Requests is October 27, 2022 to the Present.

    i.  The obligation to provide the information sought by these requests for production is continuing within the requirements of Federal Rule of Civil Procedure 26(e).

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:**

All DOCUMENTS RELATING TO THE SEC LETTER, including any drafts, between October 27, 2022 and the Present.

**REQUEST FOR PRODUCTION NO. 2:**

All COMMUNICATIONS RELATING TO THE SEC LETTER sent or received by YOU between October 27, 2022 and the Present.

**REQUEST FOR PRODUCTION NO. 3:**

All COMMUNICATIONS with the FEDERAL TRADE COMMISSION between October 27, 2022 and the Present RELATING TO X CORP. or ELON MUSK, and all DOCUMENTS RELATING TO any such COMMUNICATIONS.

**REQUEST FOR PRODUCTION NO. 4:**

All COMMUNICATIONS with the SECURITIES AND EXCHANGE COMMISSION between October 27, 2022 and the Present RELATING TO X CORP. or ELON MUSK, and all DOCUMENTS RELATING TO any such COMMUNICATIONS.