| | |
|---|---|
| 1 | **KELLEY DRYE & WARREN LLP** |
| | Rebecca B. Durrant (SBN 350444) |
| 2 | Rdurrant@kelleydrye.com |
| 3 | 888 Prospect Street, Suite 200 |
| | La Jolla, CA 92037 |
| 4 | Tel.: (212) 808-7551 |
| | Fax: (212) 808-7897 |
| 5 | |
| 6 | **KELLEY DRYE & WARREN LLP** |
| | Laura Riposo VanDruff (*pro hac vice* application forthcoming) |
| 7 | Lvandruff@kelleydrye.com |
| | Washington Harbour |
| 8 | 3050 K Street NW, Suite 400 |
| | Washington, DC 20007 |
| 9 | Tel.: (202) 342-8400 |
| | Fax: (202) 342-8481 |
| 10 | |
| 11 | *Attorneys for Non-Party Ernst & Young LLP* |

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | | Case No. 3:22-cv-03070-TSH |
| | Plaintiff, | |
| | | **NONPARTY ERNST & YOUNG, LLP'S STATEMENT IN SUPPORT OF PLAINTIFF UNITED STATES' CIVIL LOCAL RULE 79-5(F) MOTION TO CONSIDER WHETHER OTHER PARTIES' MATERIAL SHOULD BE SEALED** |
| v. | | |
| TWITTER, INC., | | |
| | Defendant. | |
| | | Hon. Thomas S. Hixson |

CASE NO 3:22-cv-03070-TSH

NONPARTY ERNST & YOUNG LLP'S STATEMENT IN SUPPORT OF MOTION TO SEAL

Pursuant to Northern District of California Local Civil Rule 79-5(f), Nonparty Ernst & Young LLP ("EY") respectfully submits this Statement in support of the United States' Motion to Consider Whether Other Parties' Material Should be Sealed and requests that the Court enter an order directing the Clerk to maintain under seal Exhibit H of the Declaration of Scott P. Kennedy (the "EY Memorandum") and an excerpt of the United States' brief that quotes directly therefrom.

## I.   INTRODUCTION

Despite not being a party to the matter and having no role in its underlying merits, EY has nonetheless found itself in the middle of a contentious dispute between the United States, the Federal Trade Commission ("FTC"), and X Corp., formerly known as Twitter, Inc., ("Twitter"). As part of Twitter's obligations pursuant to a May 2022 Consent Order between the FTC and Twitter, Twitter retained EY as its independent assessor in September 2022.

EY resigned its position in February 2023. Thereafter, the FTC utilized the compliance monitoring provisions of Order Part XIII.A to issue a subpoena to EY. The FTC's subpoena sought documents regarding EY's work related to the Consent Order, which EY designated as confidential pursuant to FTC Act Section 21, 15 U.S.C. § 57b-2. The FTC also deposed EY partner David Roque. During his deposition, FTC Staff questioned Mr. Roque about the EY Memorandum, which is an internal EY memorandum documenting the details of EY's decision to resign as Twitter's independent assessor. Counsel for Twitter also questioned Mr. Roque about the document.

In its opposition to Twitter's Rule 60(b) Motion, the United States has provisionally filed the EY Memorandum, attached as Exhibit H to the Kennedy Declaration, under seal. The United States also filed under seal portions of its brief quoting the EY Memorandum. Because these documents contain confidential information, EY requests that the Court maintain the following documents under seal:

| Document Title | Portion Filed Under Seal | Reasons for Sealing |
|---|---|---|
| Exhibit H of the Declaration of Scott P. Kennedy (the "EY Memorandum") | Entire Document | Contains confidential and proprietary business information |
| United States' Opposition to X Corp.'s Motion for Protective Order and Relief from Consent Order | Page 11, lines 15-16 | Directly quotes the EY Memorandum |

As set forth below and in the accompanying declarations of Thomas F. Reddy ("Reddy Decl.") and Laura Riposo VanDruff ("VanDruff Decl."), there is good cause to seal these documents. Indeed, the Honorable Judge Amy Berman Jackson of the United States District Court for the District of D.C. has already recognized as such, granting EY's motion for leave to file under seal the EY Memorandum on September 11, 2023. In light of EY's significant interests in maintaining the confidentiality of the EY Memorandum, the harm that EY would suffer as a result of its public disclosure, and the District of D.C.'s recent decision sealing this document, EY respectfully requests that the Court maintain these documents under seal.

## II. ARGUMENT

While the public has a general right to access judicial records, "access to judicial records is not absolute." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). Indeed, courts have broad "supervisory power over [their] own records and files, and access has been denied where court files might have become a vehicle for improper purposes." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978). As such, the Court may "seal[] its records []as an exercise of its inherent supervisory power." *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995). The ultimate determination of whether to seal a document is "best left to the sound discretion of the trial court, a discretion to be exercised in light of the relevant facts and circumstances of the particular case." *Nixon*, 435 U.S. at 599. Here, the facts and circumstances of this litigation and of the EY Memorandum support maintaining it under seal.

### A. LEGAL STANDARD

The Court should employ the "good cause" standard to seal EY's documents. While courts normally employ a presumption in favor of public access to documents, the Ninth Circuit has

"carved out an exception" where the documents are introduced for a motion "unrelated to the merits of a case." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016) (discussing the history of the Ninth Circuit's legal standard). Therefore, "[p]arties moving to seal records attached to motions unrelated or only tangentially related to the merits of a case must meet the lower 'good cause' standard of Rule 26(c) of the Federal Rules of Civil Procedure." *Arebalo v. Apple, Inc.*, No. 5:19-CV-03034-EJD, 2022 WL 580865, at *1 (N.D. Cal. Feb. 25, 2022).

Here, Twitter's Rule 60(b) motion and the government's opposition thereto are unrelated to the underlying merits of the government's 2022 Complaint, which concerned allegedly unlawful disclosure of users' contact information in violation of a 2011 FTC consent order. The FTC and Twitter "resolv[ed]" the merits of that Complaint through entry of the Consent Order. (Dkt. 17 at 3:25-4:2; *see also* Dkt. 11.) But, while Twitter's Rule 60(b) motion seeks to terminate or modify the Consent Order, its motion does not require the Court to decide the underlying privacy allegations at issue in the Complaint; instead, Twitter's motion concerns the alleged post-judgment conduct of the FTC in investigating Twitter. At best, Twitter's motion is "tangentially related[] to the underlying cause of action." *Kamakana*, 447 F.3d at 1179. Therefore, because the EY Memorandum is being introduced with only attenuated relevance to the underlying merits, EY need only show that good cause exists to maintain it under seal. *See, e.g., Kumandan v. Google LLC*, No. 5:19-cv-04286-BLF, 2022 WL 18399568, at *2 (N.D. Cal. Dec. 20, 2022) (applying the good cause standard for documents attached to a motion for "Reconsideration of Order Vacating Trial and Terminating Motion for Summary Judgment"); *Arebalo*, 2022 WL 580865, at *1 (applying the good cause standard to documents attached to a party's motion to enforce a settlement agreement and to its opposition to a motion to set aside the agreement).

Under the good cause standard, EY must make a "particularized showing" that "specific prejudice or harm will result if no protective order is granted." *Phillips ex rel. Ests. of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002). As a non-party, EY must further explain "(i) the legitimate private or public interests that warrant sealing; (ii) the injury that will result if sealing is denied; and (iii) why a less restrictive alternative to sealing is not sufficient."

LcR 79-5(c)(1). Here, good cause exists for EY to have the EY Memorandum and the portion of the government's brief quoting it filed under seal. First, EY's has substantial privacy interests in its confidential documents. Second, unsealing EY's documents would result in injury. Third, no less restrictive alternative would be sufficient to protect EY's confidentiality interests.

### B. EY'S LEGITIMATE INTERESTS WARRANT FILING UNDER SEAL

First, EY has significant interests in having the EY Memorandum and quotations therefrom filed under seal. Courts have recognized that a party has an interest in maintaining the confidentiality of its documents if disclosure would allow competitors to gain access to its proprietary information. *E.g., Doyle v. Galderma, Inc.*, No. 3:19-cv-05678-TSH, 2021 WL 4926999, at *2 (N.D. Cal. Apr. 27, 2021) (Hixson, M.J.) (granting a motion to seal documents that contained "confidential and proprietary business information"); *Aya Healthcare Servs., Inc. v. AMN Healthcare, Inc.*, No. 3:17-cv-00205, 2020 WL 1911502, at *3 (S.D. Cal. Apr. 20, 2020) (noting that courts protect "detailed, non-public, confidential information concerning [the movant's] commercial relationships . . . business dealings . . . contract negotiation and other business strategies") Indeed, it "is common now in business litigation" to seal "confidential [business] information." *See In re Duel-Deck Video Cassette Record. Anti-Trust Litig.*, 10 F.3d 693, 694 (9th Cir. 1993).

Here, the EY Memorandum is an internal document created by EY detailing its reasons for resigning as Twitter's independent assessor. (Reddy Decl. ¶ 9.) The memo includes tasks that EY performed as Twitter's independent assessor, as well as the specific factors that EY executives considered when deciding whether the company should resign as Twitter's independent assessor. (*Id.* ¶ 15.) EY produced this document to the FTC in connection with the agency's subpoena, but did so on the ground that it would be afforded statutory confidentiality protections pursuant to the FTC Act. (*Id.* ¶ 22.) Further, this document was drafted for internal use only, and EY has consistently maintained its confidentiality. (*Id.* ¶ 21.) When EY provided the document to the District of D.C. as part of its opposition to Twitter's Motion to Compel Compliance with a Subpoena, the document was filed under seal to protect EY's confidentiality. (*Id.* ¶ 23; *see also*

VanDruff Decl. ¶¶ 3-5, Ex. A.)  And in this proceeding, an attorney representing the United States confirmed in an email to EY counsel that the government has not disclosed the EY Memorandum in Twitter depositions, thus maintaining the confidentiality of EY's document throughout this proceeding.  (VanDruff Decl. ¶ 8, Ex. B.)

### C. UNSEALING WILL RESULT IN HARM TO EY

Second, allowing EY's confidential information to be made public would harm its business.  While the public has a general right to inspect judicial documents, "the common law right of inspection has bowed before the power of a court to insure that its records are not used . . . as sources of business information that might harm a litigant's competitive standing." *In re Elec. Arts, Inc.*, 298 F. App'x 568, 569 (9th Cir. 2008).  Disclosure of documents that "reveal internal strategy and decision-making processes" can "cause competitive harm." *See Jones v. PGA Tour, Inc.*, No. 5:22-cv-04486-BLF, 2023 WL 3594058, at *3 (N.D. Cal. May 22, 2023).

Moreover, EY's risk of potential harm is given additional weight here because it is not a party to the litigation.  While nonparty status is not dispositive, courts nonetheless "consider[] a more lenient approach when sealing non-party information." *DeMartini v. Microsoft Corp.*, No. 3:22-cv-08991-JSC, 2023 WL 4205770, at *2 (N.D. Cal. June 26, 2023); *accord Epic Games, Inc. v. Apple Inc.*, No. 4:20-cv-05640-YGR, 2021 WL 1925460, at *1 (N.D. Cal. Apr. 30, 2021).  Nonparties like EY are entitled to greater leniency because they are put at risk of having their confidential documents publicly revealed even though they "did not voluntarily put it at issue in this litigation." *See United States v. Bazaarvoice, Inc.*, No. 3:13-cv-00133-WHO, 2014 WL 11297188, at *1 (N.D. Cal. Jan. 21, 2014).  Public disclosure of third-party documents would also risk "chill[ing] investigations in the future where third party documents are essential." *Id.*

As discussed above, the EY Memorandum details confidential information pertaining to EY's decision to resign as Twitter's independent assessor. (Reddy Decl. ¶¶ 14-15.)  This document has consistently been maintained as confidential by EY, the FTC, the parties to this litigation, and other courts to have decided a motion to file it under seal.  (*Id* ¶¶ 20-23.)  Public disclosure of this document would not only harm EY by providing its competitors access to its

internal strategy and decision-making processes and thus harming its competitive standing, but public disclosure would also potentially deter other companies from retaining EY for assessment services out of fear that documents pertaining to their assessments would also be at risk of being made publicly available. (*Id.* ¶¶ 16-19.) Either outcome would substantially harm EY's business interests.

### D.   THERE IS NO LESS RESTRICTIVE ALTERNATIVE TO SEALING

Finally, there is no less restrictive alternative to sealing. EY's request to seal is narrowly tailored to EY's confidential information: (1) the EY Memorandum itself; and (2) the government's opposition brief's quotation of it. (*Id.* ¶ 4.) This single exhibit and two lines of a brief are isolated in nature, and the public would not be restricted access because the "the parties' briefs and other exhibits [will] provide the necessary context to understand the Court's decision." *Charles v. Target Corp.*, No. 4:20-cv-07854, 2022 WL 3205047, at *3 (N.D. Cal. July 6, 2022). Any limited interest that remains is outweighed by the harm that would result to EY—a nonparty—if its confidential information is filed publicly. Because EY's limited to request to file its confidential documents under seal are already narrowly tailored to protect EY's interests, there is no less restrictive alternative available.

### CONCLUSION

For the foregoing reasons, EY respectfully requests that the Court grant the United States' Administrative Motion to Consider Whether Another Party's Material Should Be Sealed and maintain EY's confidential documents under seal.

1  DATED: September 18, 2023              Respectfully submitted,

2                                          By:  /s/ *Rebecca B. Durrant*
3                                               Rebecca B. Durrant (SBN 350444)
                                                KELLEY DRYE & WARREN LLP
4                                               888 Prospect Street, Suite 200
                                                La Jolla, CA 92037
5                                               Tel.: (212) 808-7551
                                                Fax: (212) 808-7897
6                                               Rdurrant@kelleydrye.com

7                                               Laura Riposo VanDruff (*pro hac vice*
                                                application forthcoming)
8                                               KELLEY DRYE & WARREN LLP
                                                Washington Harbour
9                                               3050 K Street NW, Suite 400
                                                Washington, DC 20007
10                                              Tel.: (202) 342-8400
                                                Fax: (202) 342-8481
11                                              Lvandruff@kelleydrye.com

12                                              *Attorneys for Nonparty Ernst & Young LLP*

7

CASE NO 3:22-cv-03070-TSH
NONPARTY ERNST & YOUNG LLP'S STATEMENT IN SUPPORT OF MOTION TO SEAL

**CERTIFICATE OF SERVICE**

I hereby certify that, on September 18, 2023, I electronically filed **NONPARTY ERNST & YOUNG LLP'S STATEMENT IN SUPPORT OF PLAINTIFF UNITED STATES' CIVIL LOCAL RULE 79-5(F) MOTION TO CONSIDER WHETHER OTHER PARTIES' MATERIAL SHOULD BE SEALED** with the United States District Court for the Northern District of California by using the CM/ECF system, which will send a notice of filing to all registered users, including counsel for all parties.

DATED: September 18, 2023                    Respectfully submitted.

By: /s/ Rebecca B. Durrant
Rebecca B. Durrant (SBN 350444)