**KELLEY DRYE & WARREN LLP**
Rebecca B. Durrant (SBN 350444)
Rdurrant@kelleydrye.com
888 Prospect Street, Suite 200
La Jolla, CA 92037
Tel.: (212) 808-7551
Fax: (212) 808-7897

**KELLEY DRYE & WARREN LLP**
Laura Riposo VanDruff (*pro hac vice* application forthcoming)
Lvandruff@kelleydrye.com
Washington Harbour
3050 K Street NW, Suite 400
Washington, DC 20007
Tel.: (202) 342-8400
Fax: (202) 342-8481

*Attorneys for Non-Party*
*Ernst & Young LLP*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>        v.<br><br>TWITTER, INC.,<br><br>                    Defendant. | Case No. 3:22-cv-03070-TSH<br><br>**DECLARATION OF LAURA RIPOSO VANDRUFF**<br><br>Hon. Thomas S. Hixson |

I, Laura Riposo VanDruff, declare as follows:

1. I am a partner in the law firm Kelley Drye & Warren LLP and counsel for Nonparty Ernst & Young LLP. ("EY"). I make this declaration in support of the EY's Statement in Support of Plaintiff United States' Motion to Consider Whether Other Parties' Material Should be Sealed, which is filed pursuant to Civil Local Rule 79-5(f). I have personal knowledge of the facts set forth in this declaration, and if called as a witness, I could and would testify competently thereto.

2. On August 3, 2023, X Corp., formerly known as Twitter, Inc., ("Twitter") served EY with a subpoena *duces tecum*, demanding documents concerning EY's role as independent assessor, the FTC, and Twitter's Rule 60(b) Motion currently pending in this Court. After EY objected to its terms and the parties met and conferred, Twitter filed a motion to compel in the United States District Court for the District of Columbia.

3. As part of EY's opposition to Twitter's motion to compel, and to provide the DC District Court with necessary context as to the underlying lawsuit, EY provided the court with, *inter alia*, the EY Memorandum, which is an internal EY memorandum documenting its decision to resign from the Twitter FTC Assessment.

4. However, to maintain the confidentiality of this document, EY concurrently filed with its opposition a Motion for Leave to File Under Seal, which Twitter did not oppose. EY's Motion and the EY Memorandum were both filed under seal.

5. Attached hereto as **Exhibit A** is an excerpt of the docket sheet in *X Corp. v. Ernst & Young LLP*, No. 1:23-mc-00082-ABJ (D.D.C.), which contains Judge Berman Jackson's minute order granting EY's Motion for Leave to File Documents Under Seal on September 11, 2023.

6. When the United States filed its opposition to Twitter's Rule 60(b) Motion, it concurrently filed a Motion to Consider Whether Other Parties' Material Should be Sealed. In the document, the United States stated that Exhibit G—which Twitter designated as confidential—and the EY Memorandum (attached as Exhibit H)—which EY designated as confidential—were "refer[red] to in the depositions" of several current and former Twitter employees.

```
```

7. On September 12, 2023, I emailed Scott Kennedy from the Department of Justice to ask whether the EY Memorandum was shared with Twitter's employees or former employees during their depositions.

8. On September 13, 2023, Mr. Kennedy confirmed in an email that the EY Memorandum "was not provided to any current or former X Corp. employees by the FTC, nor was that document discussed in the depositions identified in the government's Motion to Consider Whether Other Parties' Material Should be Sealed."

9. Attached hereto as **Exhibit B** is a true and correct copy of the email exchange between myself and Scott Kennedy of the United States Department of Justice.

10. I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

This declaration is made this 18th day of September, 2023.

By: _/s/ LRVD_____
Laura Riposo VanDruff