QUINN EMANUEL URQUHART & SULLIVAN, LLP
Alex Spiro (admitted *pro hac vice*)
Daniel R. Koffmann (California Bar No. 344379)
51 Madison Ave, 22nd Floor
New York, NY 10010
Telephone:  (212) 849-7000
Facsimile:  (212) 849-7100
alexspiro@quinnemanuel.com
danielkoffmann@quinnemanuel.com

Christopher G. Michel (admitted *pro hac vice*)
Casey J. Adams (admitted *pro hac vice*)
Rachel G. Frank (California Bar No. 330040)
1300 I Street NW, Suite 900
Washington, D.C. 20005
Telephone: (202) 538-8000
Facsimile: (202) 538-8100
christophermichel@quinnemanuel.com
caseyadams@quinnemanuel.com
rachelfrank@quinnemanuel.com

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| United States of America,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>Twitter, Inc.,<br><br>　　　　　Defendant. | Case No. 3:22-cv-03070-TSH<br><br>**X CORP'S STATEMENT IN RESPONSE TO THE UNITED STATES' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED** |

Pursuant to Civil Local Rules 7-11 and 79-5(c), X Corp., successor in interest to Defendant Twitter, Inc. ("X Corp."), respectfully submits the following statement in response to the Administrative Motion to Consider Whether Another Party's Material Should Be Sealed filed by the United States of America ("United States").  Dkt. No. 43.  X Corp. requests that this Court seal certain portions of the United States' Opposition to X Corp.'s Motion for Protective Order & Relief From Consent Order, Dkt. No. 41, as well as portions of exhibits to the Declaration of Scott P. Kennedy in Support of the United States' Opposition to X Corp.'s Motion for Protective Order & Relief from Consent Order, Dkt. No. 42 (the "Kennedy Declaration.").  Specifically, X Corp. requests that portions of the following documents described in the accompanying Proposed Order (the "Confidential Material") remain sealed:

- **Dkt. No. 41**:  The United States' Opposition to X Corp.'s Motion for Protective Order & Relief from Consent Order Filed Under Seal;
- **Dkt. No. 42-3** (Exhibit C to the Kennedy Declaration): Wilson Excerpts (Transcript of videoconference deposition of Seth Wilson, taken on behalf of the Federal Trade Commission dated May 5, 2023);
- **Dkt. No. 42-4** (Exhibit D to the Kennedy Declaration): Sayler Excerpts (Deposition of Andrew Sayler dated April 19, 2023);
- **Dkt. No. 42-5** (Exhibit E to the Kennedy Declaration): Kieran Excerpts (Deposition of Damien Kieran dated December 2, 2022);
- **Dkt. No. 42-6** (Exhibit F to the Kennedy Declaration): Kissner Excerpts (Deposition of Lea Kissner dated December 7, 2022);
- **Dkt. No. 42-7** (Exhibit G to the Kennedy Declaration): Kissner Exhibit 01 (Email from Lea Kissner's personal email to Lea Kissner's professional email dated November 10, 2022).

X Corp. seeks to keep the Confidential Material under seal because it contains non-public information that is sealable under federal law.  Courts in the Ninth Circuit apply two standards in determining whether to permit documents to be filed under seal: (1) the "compelling reason" test for sealing information in connection with motions for a determination on the merits of a claim or

-1-   Case No. 3:22-cv-03070-TSH

X CORP.'S STATEMENT IN RESPONSE TO THE UNITED STATES' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED

defense; and (2) the less-restrictive "good cause" test for sealing information in connection with non-dispositive motions. *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178–80 (9th Cir. 2006); *Ctr. for Auto Safety v. Chrysler Grp.*, 809 F.3d 1092, 1097 (9th Cir. 2016). The distinction between "dispositive" and "nondispositive" motions is not a "mechanical classification[]," but focuses on whether the "motion at issue is more than tangentially related to the underlying cause of action." *Ctr. For Auto Safety*, 809 F.3d at 1098–99. Confidential business information, trade secrets, and other information that if published may harm a party or third party's competitive standing meet both standards. *See Ctr. for Auto Safety*, 809 F.3d at 1097; *see also Jam Cellars v. Wine Grp.*, No. 19-cv-01878-HSG, 2020 WL 5576346, at *2 (N.D. Cal. Sept. 17, 2020); *Fed. Trade Comm'n v. Qualcomm*, No. 17-cv-00220-LHK, 2019 WL 95922, at *3 (N.D. Cal. Jan. 3, 2019); *In re Elec. Arts.*, 298 F. App'x 568, 569 (9th Cir. 2008).

Regardless of which applies, the Confidential Material clearly meets both the good cause and compelling reasons standards. The Confidential Material consists of deposition testimony from several former high-ranking privacy and information security personnel, and a resignation email from the company's former Chief Information Security Officer, discussing sensitive information about X Corp. These materials disclose the details of X Corp. policies and structures, the contents of internal memoranda, and business and regulatory risk assessments, all of which are "sources of business information that might harm [X Corp.'s] competitive standing" if publicly disclosed. *Eco Elec. Sys. v. Reliaguard*, No. C 20-00444 WHA, 2022 WL 2239833, at *1 (N.D. Cal. June 22, 2022) (quoting *Nixon v. Warner Commc'ns.*, 435 U.S. 589, 598 (1978)); *see also Kamakana*, 447 F.3d at 1179 ("'compelling reasons' sufficient to . . . justify sealing court records exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to . . . release trade secrets"). In particular, revealing the structure and makeup for X Corp.'s privacy and information security apparatus could assist potential hackers, cybercriminals, and other bad actors to devise schemes to penetrate X Corp.'s systems and cause harm to the platform.

Sealing the Confidential Material will protect X Corp.'s legitimate private interest in maintaining the confidentiality of its business information and guarding its competitive standing. Public disclosure of the Confidential Material could cause X Corp. competitive injury by permitting

competitors access to confidential information about X Corp.'s services, processes, and internal operations, while X Corp. lacks equivalent access to confidential information about those competitors. *See Skillz Platform v. Avia Games*, No. 21-cv-02436-BLF, 2023 WL 5767465, at *2 (N.D. Cal. Sept. 6, 2023) (granting a motion to seal documents "containing confidential business information the release of which would cause competitive harm"). No less restrictive alternative to sealing would adequately mitigate the risk of competitive harm from such public disclosure. Finally, X Corp.'s request is narrowly tailored to only the sealable portions of the Confidential Material.

For the foregoing reasons, X Corp. respectfully requests that the Court seal the highlighted portions of Exhibits C, D, E, F, and G to the United States' Declaration, as well as the highlighted portions of the United States' opposition motion, as detailed in the Proposed Order filed herewith.

DATED:  September 18, 2023

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By        */s/ Alex Spiro*

Alex Spiro (admitted *pro hac vice*)
Daniel R. Koffmann (California Bar No. 344379)
51 Madison Ave, 22nd Floor
New York, NY 10010
Telephone:  (212) 849-7000
Facsimile:  (212) 849-7100
alexspiro@quinnemanuel.com
danielkoffmann@quinnemanuel.com

| | |
|---|---|
| 1 | Christopher G. Michel (admitted *pro hac vice*) |
| 2 | Casey J. Adams (admitted *pro hac vice*) |
|   | Rachel G. Frank (California Bar No. 330040) |
| 3 | 1300 I Street NW, Suite 900 |
|   | Washington, D.C. 20005 |
| 4 | Telephone: (202) 538 8000 |
|   | Facsimile: (202) 538 8100 |
| 5 | christophermichel@quinnemanuel.com |
| 6 | caseyadams@quinnemanuel.com |
|   | rachelfrank@quinnemanuel.com |
| 7 | |
|   | *Attorneys for X Corp., successor in interest to* |
| 8 | *Defendant Twitter, Inc.* |