1  QUINN EMANUEL URQUHART & SULLIVAN, LLP
   Alex Spiro (*pro hac vice*)
2  Daniel R. Koffmann (California Bar No. 344379)
3  51 Madison Ave, 22nd Floor
   New York, NY 10010
4  Telephone:  (212) 849-7000
   Facsimile:  (212) 849-7100
5  alexspiro@quinnemanuel.com
   danielkoffmann@quinnemanuel.com
6
7  Christopher G. Michel (*pro hac vice*)
   Casey J. Adams (*pro hac vice*)
8  Rachel G. Frank (California Bar No. 330040)
   1300 I Street NW, Suite 900
9  Washington, D.C. 20005
   Telephone: (202) 538-8000
10 Facsimile: (202) 538-8100
11 christophermichel@quinnemanuel.com
   caseyadams@quinnemanuel.com
12 rachelfrank@quinnemanuel.com

14 *Attorneys for X Corp.,*
   *successor in interest to Defendant Twitter, Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| United States of America, | Case No. 3:22-cv-03070-TSH |
| Plaintiff, | **X CORP.'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL CERTAIN DOCUMENTS IN SUPPORT OF X CORP.'S REPLY IN SUPPORT OF MOTION FOR PROTECTIVE ORDER & RELIEF FROM CONSENT ORDER** |
| vs. | |
| Twitter, Inc., | |
| Defendant. | The Hon. Thomas S. Hixson |

Pursuant to Civil Local Rules 7-11 and 79-5, X Corp., successor in interest to Defendant Twitter, Inc., respectfully moves the Court to seal exhibits to the Declaration of Daniel R. Koffmann in Support of X Corp.'s Reply in Support of Motion for Protective Order & Relief from Consent Order (the "Supplemental Koffmann Declaration"). Specifically, X Corp. requests that portions of the following document described in the accompanying Proposed Order (the "Confidential Material") remain sealed:

- Ex. 21: FTI Consulting's cybersecurity assessment of X Corp. for the period of May 26, 2022, through May 25, 2023.

X Corp. seeks to keep the Confidential Material under seal because it contains non-public information that is sealable under federal law.

In determining whether to permit documents to be filed under seal, courts in the Ninth Circuit apply two separate standards: (1) the "compelling reason" test for sealing information in connection with motions for a determination on the merits of a claim or defense; and (2) the less-restrictive "good cause" test for sealing information in connection with non-dispositive filings. *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178–80 (9th Cir. 2006); *Ctr. for Auto Safety v. Chrysler Grp.*, 809 F.3d 1092 (9th Cir. 2016). The distinction between "dispositive" and "nondispositive" motions is not a "mechanical classification[]," but focuses on whether the "motion at issue is more than tangentially related to the underlying cause of action." *Ctr. For Auto Safety*, 809 F.3d at 1098–99. Confidential business information, trade secrets, and other information that if published may harm a party or third party's competitive standing meet both standards. *See id.* at 1097; *see also Jam Cellars v. Wine Grp.*, No. 19-cv-01878-HSG, 2020 WL 5576346, at *2 (N.D. Cal. Sept. 17, 2020); *Fed. Trade Comm'n v. Qualcomm*, No. 17-cv-00220-LHK, 2019 WL 95922, at *3 (N.D. Cal. Jan. 3, 2019); *In re Elec. Arts.*, 298 F. App'x 568, 569 (9th Cir. 2008).

Regardless of which applies, the Confidential Material clearly meets both the good cause and compelling reasons standards, and legitimate public and private interests warrant sealing. The Confidential Information consists of a detailed evaluation of X Corp.'s cybersecurity protocols and risk assessments thereof. Revealing the structure and makeup of X Corp.'s privacy and information security apparatus could assist potential hackers, cybercriminals, and other bad actors to devise

schemes to penetrate X Corp.'s systems and cause harm to the platform. Monteiro Decl. ¶ 3. As such, the public interest weighs heavily in favor of sealing because public disclosure of X Corp.'s internal cybersecurity protocols poses a substantial security risk. *See In re Anthem, Inc. Data Breach Litig.*, No. 15-MD-02617-LHK, 2018 WL 3092256, at *2 (N.D. Cal. Mar. 16, 2018) (risk of cyberattack is a compelling reason to seal descriptions of cybersecurity practices and protocols from class action settlement).

Sealing the Confidential Material will protect X Corp.'s legitimate private interest in maintaining the confidentiality of its business information and guarding its competitive standing. These materials disclose the details of X Corp. security policies, structures and regulatory risk assessments, all of which are "sources of business information that might harm [X Corp.'s] competitive standing" if publicly disclosed. *Eco Elec. Sys. v. Reliaguard*, No. C 20-00444 WHA, 2022 WL 2239833, at *1 (N.D. Cal. June 22, 2022) (quoting *Nixon v. Warner Commc'ns.*, 435 U.S. 589, 598 (1978)); Monteiro Decl. ¶ 3. Public disclosure of the Confidential Material could cause X Corp. competitive injury by permitting competitors access to confidential information about X Corp.'s services, processes, and internal operations, while X Corp. lacks equivalent access to confidential information about those competitors. *See Skillz Platform v. Avia Games*, No. 21-cv-02436-BLF, 2023 WL 5767465, at *2 (N.D. Cal. Sept. 6, 2023) (granting a motion to seal documents "containing confidential business information the release of which would cause competitive harm"); *see also Kamakana*, 447 F.3d at 1179 ("'compelling reasons' sufficient to . . . justify sealing court records exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to . . . release trade secrets").

Finally, X Corp.'s request is narrowly tailored to only the sealable portions of the Confidential Material. A less restrictive alternative to sealing is not sufficient because the threat of harm from public disclosure cannot be mitigated by any less restrictive means.

1    For the foregoing reasons, X Corp. respectfully requests that the Court seal the highlighted
2 portions of Exhibit 21 to the Supplemental Koffmann Declaration.

3 DATED:  October 11, 2023                QUINN EMANUEL URQUHART &
                                          SULLIVAN, LLP

                                          By */s/ Alex Spiro*

                                          Alex Spiro (*pro hac vice*)
                                          Daniel R. Koffmann (California Bar No. 344379)
                                          51 Madison Ave, 22nd Floor
                                          New York, NY 10010
                                          Telephone:  (212) 849-7000
                                          Facsimile:  (212) 849-7100
                                          alexspiro@quinnemanuel.com
                                          danielkoffmann@quinnemanuel.com

                                          Christopher G. Michel (*pro hac vice*)
                                          Casey J. Adams (*pro hac vice*)
                                          Rachel G. Frank (California Bar No. 330040)
                                          1300 I Street NW, Suite 900
                                          Washington, D.C. 20005
                                          Telephone: (202) 538 8000
                                          Facsimile: (202) 538 8100
                                          christophermichel@quinnemanuel.com
                                          caseyadams@quinnemanuel.com
                                          rachelfrank@quinnemanuel.com

                                          *Attorneys for X Corp., successor in interest to
                                          Defendant Twitter, Inc.*