UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>             Plaintiff,<br>    v.<br>TWITTER, INC.,<br>             Defendant. | Case No. 22-cv-03070-TSH<br><br>**ORDER FOR DISCLOSURE** |

28 U.S.C. § 455(b)(5)(ii) states that a judge "shall . . . disqualify himself" if "[h]e or his spouse, or a person within the third degree of relationship to either of them, or the spouse of such a person . . . [i]s acting as a lawyer in the proceeding . . ." Similarly, Canon 3C(1)(d) of the Code of Conduct for United States Judges provides in part: "A judge shall disqualify himself or herself in a proceeding in which the judge's impartiality might reasonably be questioned, including but not limited to instances in which . . . the judge or the judge's spouse, or a person related to either within the third degree of relationship, or the spouse of such a person is  . . . acting as a lawyer in the proceeding . . ."

Advisory Opinion No. 38 from the Committee on Codes of Conduct addresses the subject "Disqualification When Relative Is an Assistant United States Attorney." The opinion notes that "service as an AUSA is distinguishable from service as an attorney in a private law firm of representation of a private litigant." Therefore, "it would be unreasonable to question a judge's impartiality merely because the judge's relative is an AUSA. Likewise, an AUSA does not have an 'interest' in the United States Attorney's Office in the same sense that a partner, member or shareholder may have an interest in a private law firm."

The opinion goes on to note that "[s]pecific circumstances may, however, require recusal."

The first two that are listed are:[1]

> (1) **Acting as an attorney.** Recusal is required by Canon 3C(1)(d)(ii) if the relative has acted as an attorney in or relating to the proceeding. This restriction includes cases in which the relative has done any work or given any advice, whether that advice was given or work done before or after the action was filed. . . .
>
> (2) **Acting as a supervisor.** Recusal is also necessary if the relative has supervisory responsibility over the attorney handling a case before the judge, even if the relative is not personally involved and has no knowledge of the case. . . .

My brother, David Hixson, is an attorney with the United States Department of Justice, in the Consumer Protection Branch in Washington, D.C. The principles articulated in Advisory Opinion No. 38 likely apply to this case. Accordingly, I **ORDER** the United States to file a disclosure no later than 5:00 p.m. Pacific time on November 14, 2023, stating whether my brother has done any work or given any advice in or relating to this proceeding, whether that advice was given or work done before or after the action was filed. In addition, the government must state whether my brother has supervisory responsibility over any of the attorneys handling this case, even if he is not personally involved and has no knowledge of the case.

**IT IS SO ORDERED.**

Dated: November 13, 2023

THOMAS S. HIXSON
United States Magistrate Judge

---

[1] The third one is if the relative serves as either the United States Attorney or Acting United States Attorney, inapplicable here.