QUINN EMANUEL URQUHART & SULLIVAN, LLP
Alex Spiro (*pro hac vice*)
Daniel R. Koffmann (California Bar No. 344379)
51 Madison Ave, 22nd Floor
New York, NY 10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100
alexspiro@quinnemanuel.com
danielkoffmann@quinnemanuel.com

Christopher G. Michel (*pro hac vice*)
Casey J. Adams (*pro hac vice*)
Rachel G. Frank (California Bar No. 330040)
1300 I Street NW, Suite 900
Washington, D.C. 20005
Telephone: (202) 538-8000
Facsimile: (202) 538-8100
christophermichel@quinnemanuel.com
caseyadams@quinnemanuel.com
rachelfrank@quinnemanuel.com

*Attorneys for X Corp.,*
*successor in interest to Defendant Twitter, Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| United States of America,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>Twitter, Inc.,<br><br>　　　　Defendant. | Case No. 3:22-cv-03070-TSH<br><br>**X CORP.'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL CERTAIN DOCUMENTS THE UNITED STATES FILED IN SUPPORT OF ITS OPPOSITION TO X CORP.'S MOTION FOR PROTECTIVE ORDER AND RELIEF FROM CONSENT ORDER**<br><br>The Hon. Thomas S. Hixson |

On September 11, 2023, the United States filed a Civil Local Rule 79-5(f) Motion to Consider Whether Other Parties' Material Should be Sealed. Dkt. No. 43. Consistent with the requirement that parties "avoid wherever possible sealing entire documents (as opposed to merely redacting the truly sensitive information in a document)," X Corp. reviewed its materials submitted under seal by the United States and identified redactions "narrowly tailored to seal only the sealable material." L.R. 79-5; Koffmann Decl. ¶ 2. On September 18, 2023, X Corp. filed a responsive statement requesting that "the Court seal the highlighted portions of Exhibits C, D, E, F, and G to the United States's Declaration, as well as the highlighted portions of the United States's opposition motion" as detailed in the attached proposed order. Dkt. No. 47. On the same day, in an email sent at 7:20 PM PDT, X Corp. transmitted highlighted copies of the United States's opposition motion and exhibits to the Court and the United States. Koffmann Decl. Ex. 1. X Corp. made the transmission by email because the ECF system did not permit the filing of attachments to X corp.'s responsive statement under seal. Koffmann Decl. ¶ 2.

On November 16, 2023, the Court granted those portions of the United States's motion seeking sealing of its own materials and ordered X Corp. to file a new motion to seal with respect to Exhibits C-G. Dkt No. 59. The Court observed that X Corp.'s statement (Dkt. No. 47) sought sealing of "portions [of the exhibits] highlighted in yellow," but the government "filed each of these exhibits under seal in their entirety" and "nothing is highlighted in yellow on any pages of those exhibits." Dkt. No. 59 at 1-2.

Pursuant to Civil Local Rules 7-11 and 79-5, X Corp., successor in interest to Defendant Twitter, Inc., respectfully moves the Court to seal portions of Exhibits C-G that the United States filed in support of its Opposition to X Corp.'s Motion for Protective Order and Relief from Consent Order that X Corp. has highlighted in the documents filed under seal as attachments to the Koffmann declaration. Koffmann Decl. Exs. 2-6. Specifically, X Corp. requests that portions of the following documents described in the accompanying Proposed Order (the "Confidential Material") remain sealed:

- **Dkt. No. 42-3** (Exhibit C to the Kennedy Declaration): Wilson Excerpts (Transcript of videoconference deposition of Seth Wilson, taken on behalf of the Federal Trade

Commission dated May 5, 2023), at transcript pages 11:6-16; 11:21-12:3; 12:9-13:14; 33:2-4; 33:15-34:6; 75:8-19; 76:8-20; 77:18-24; 122:13-25; 152:1-153:21; 160:1-161:25;

- **Dkt. No. 42-4** (Exhibit D to the Kennedy Declaration): Sayler Excerpts (Transcript of videoconference deposition of Andrew Sayler, taken on behalf of the Federal Trade Commission dated April 19, 2023), at transcript pages 10:7-16; 11:1-3; 22:6-25; 63:7-25; 155:2-12; 156:11-25; 216:21-22; 217:3; 265:10-24;

- **Dkt. No. 42-5** (Exhibit E to the Kennedy Declaration): Kieran Excerpts (Transcript of videoconference deposition of Damien Kieran, taken on behalf of the Federal Trade Commission dated December 2, 2022), at transcript pages 75:9-77:2; 77:22-25; 86:5-7; 94:14-23; 138:1-20;

- **Dkt. No. 42-6** (Exhibit F to the Kennedy Declaration): Kissner Excerpts (Transcript of videoconference deposition of Lea Kissner, taken on behalf of the Federal Trade Commission dated December 7, 2022), at transcript pages 80:8-9; 81:2-3; 81:9-11; 81:14-16; 81:22; 83:1-2; 83:5-6; 83:10-22; 83:25-84:10; 84:16-22; 85:6-16; 85:20-86:4; 86:7-14; 86:16-17; 86:21-25; 87:4-5; 87:12-25; 91:1-2; 91:6-13; 91:19-22; 91:25; 101:3-7; 101:15; 101:19-20; 101:24-25; 102:3-11; 102:13; 103:4-11; 105:3-5; 105:7-25; 113:1-8; 113:25-114:1; 114:6-7; 114:13-15; 114:18-20; 115:4-5; 115:8-116:3; 116:5-7; 116:9-10; 116:12-13; 116:16-25; 130:14-21; 130:23-25; 131:3-11; 131:22; 132:13-16; 132:18-23; 237:24-238:5; 238:10-239:9; 239:23-25;

- **Dkt. No. 42-7** (Exhibit G to the Kennedy Declaration): Kissner Exhibit 01 (Email from Lea Kissner's personal email to Lea Kissner's professional email dated November 10, 2022), at page 1 of exhibit (page 2 of PDF document).

X Corp. seeks to keep the Confidential Material under seal because it contains non-public information that is sealable under federal law. Courts in the Ninth Circuit apply two standards in determining whether to permit documents to be filed under seal: (1) the "compelling reason" test for sealing information in connection with motions for a determination on the merits of a claim or defense; and (2) the less-restrictive "good cause" test for sealing information in connection with

1  non-dispositive motions. *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178-80 (9th
2  Cir. 2006); *Ctr. for Auto Safety v. Chrysler Grp.*, 809 F.3d 1092, 1097 (9th Cir. 2016).  The
3  distinction between "dispositive" and "nondispositive" motions is not a "mechanical
4  classification[]," but focuses on whether the "motion at issue is more than tangentially related to the
5  underlying cause of action." *Ctr. For Auto Safety*, 809 F.3d at 1098-99.  Confidential business
6  information, trade secrets, and other information that if published may harm a party or third party's
7  competitive standing meet both standards.  See *Ctr. for Auto Safety*, 809 F.3d at 1097; *see also Jam*
8  *Cellars v. Wine Grp.*, No. 19-cv-01878-HSG, 2020 WL 5576346, at *2 (N.D. Cal. Sept. 17, 2020);
9  *Fed. Trade Comm'n v. Qualcomm*, No. 17-cv-00220-LHK, 2019 WL 95922, at *3 (N.D. Cal. Jan.
10 3, 2019); *In re Elec. Arts.*, 298 F. App'x 568, 569 (9th Cir. 2008).

11      Regardless of which applies, the Confidential Material clearly meets both the good cause
12 and compelling reasons standards.  The Confidential Material consists of deposition testimony from
13 several former high-ranking privacy and information security personnel, and a resignation email
14 from the company's former Chief Information Security Officer, discussing sensitive information
15 about X Corp.  Monteiro Decl. ¶¶ 2-3.  These materials disclose the details of X Corp. policies and
16 structures, the contents of internal memoranda, and business and regulatory risk assessments, all of
17 which are "sources of business information that might harm [X Corp.'s] competitive standing" if
18 publicly disclosed.  *Eco Elec. Sys. v. Reliaguard*, No. C 20-00444 WHA, 2022 WL 2239833, at *1
19 (N.D. Cal. June 22, 2022) (quoting *Nixon v. Warner Commc'ns.*, 435 U.S. 589, 598 (1978)); *see*
20 *also Kamakana*, 447 F.3d at 1179 ("'compelling reasons' sufficient to . . . justify sealing court
21 records exist when such 'court files might have become a vehicle for improper purposes,' such as
22 the use of records to . . . release trade secrets").  In particular, revealing the structure and makeup
23 for X Corp.'s privacy and information security apparatus could assist potential hackers,
24 cybercriminals, and other bad actors to devise schemes to penetrate X Corp.'s systems and cause
25 harm to the platform.  Monteiro Decl. ¶ 3.

26      Sealing the Confidential Material will protect X Corp.'s legitimate private interest in
27 maintaining the confidentiality of its business information and guarding its competitive standing.
28 Public disclosure of the Confidential Material could cause X Corp. competitive injury by permitting

competitors access to confidential information about X Corp.'s services, processes, and internal operations, while X Corp. lacks equivalent access to confidential information about those competitors. *See Skillz Platform v. Avia Games*, No. 21-cv-02436-BLF, 2023 WL 5767465, at *2 (N.D. Cal. Sept. 6, 2023) (granting a motion to seal documents "containing confidential business information the release of which would cause competitive harm"). No less restrictive alternative to sealing would adequately mitigate the risk of competitive harm from such public disclosure. Finally, X Corp.'s request is narrowly tailored to only the sealable portions of the Confidential Material.

For the foregoing reasons, X Corp. respectfully requests that the Court seal those portions of Exhibits C, D, E, F, and G to the United States' Declaration that are highlighted in the copies attached to the Koffmann Declaration as Exhibits 2-6, and listed in the Proposed Order filed herewith.

DATED: December 8, 2023            QUINN EMANUEL URQUHART & SULLIVAN, LLP

By  /s/  Daniel R. Koffmann
Alex Spiro (*pro hac vice*)
Daniel R. Koffmann (California Bar No. 344379)
51 Madison Ave, 22nd Floor
New York, NY 10010
Telephone:  (212) 849-7000
Facsimile:  (212) 849-7100
alexspiro@quinnemanuel.com
danielkoffmann@quinnemanuel.com

Christopher G. Michel (*pro hac vice*)
Casey J. Adams (*pro hac vice*)
Rachel G. Frank (California Bar No. 330040)
1300 I Street NW, Suite 900
Washington, D.C. 20005
Telephone: (202) 538 8000
Facsimile: (202) 538 8100
christophermichel@quinnemanuel.com
caseyadams@quinnemanuel.com
rachelfrank@quinnemanuel.com

*Attorneys for X Corp., successor in interest to Defendant Twitter, Inc.*